IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARGARET JEFFERSON | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-12-118 |
| STATE OF MARYLAND | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM

The above-captioned complaint was filed on January 11, 2012, together with a motion for leave to proceed in forma pauperis. ECF No. 2. Because plaintiff appears indigent, her motion will be granted.

The complaint appears to concern prior litigation plaintiff filed in the Maryland state courts. The state courts ruled against plaintiff and she asserts the decisions violated her constitutional rights as well as her rights under the Americans with Disabilities Act,[1] 42 U.S.C. §12131 *et seq.* ECF 1 at 1. Although the papers filed do not clearly present the history of the prior litigation, it appears that plaintiff sued the Ford Motor Company in 2008. Her complaint concerned a 1998 Lincoln Continental she claimed was improperly taken by Miller Brothers Ford. *Id.* at 4. Plaintiff was unsuccessful in her state claim and raises allegations that various rulings and orders issued by the state court judges were improper. *Id*. at 3, 4.

---

[1] To state a claim under the ADA, a plaintiff must show that she is a person with a disability as defined by the statute; that she is otherwise qualified for the benefit she claims to have been denied; and that she was excluded from the benefit due to discrimination based on disability. *See Doe v. University of Md. Medical Systems Corporation*, 50 F.3d 1261, 1265 (4th Cir. 1995). There is no allegation in the complaint that plaintiff suffers a disability.

"Under the *Rooker-Feldman*[2] [abstention] doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court.'" *American Reliable Insurance v. Stillwell*, 336 F. 3d 311, 316 (4th Cir. 2003) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)). The *Rooker-Feldman* doctrine is jurisdictional and, as such, this court is free to raise it *sua sponte*. *Jordahl v. Democratic Party of Va.,* 122 F.3d 192, 197 n. 5 (4th Cir.1997). "[T]he *Rooker-Feldman* doctrine . . . by elevating substance over form, preserves the independence of state courts as well as congressional intent that an appeal from a state court decision must proceed through that state's system of appellate review rather than inferior federal courts." *Stillwell*, 336 F. 3d at 391. The prohibitions of the doctrine apply even when, as here, a plaintiff has no appellate review available in the state courts.[3]

Accordingly, by separate Order which follows, the complaint will be dismissed.

January 20, 2012                     /s/
Date                                 Ellen L. Hollander
                                     United States District Judge

---

[2] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482,(1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

[3] *See* ECF 1 at Exhibits, p. 14 (order dismissing plaintiff's appeal to the Circuit Court for Baltimore County for failure to file a memorandum within thirty days of the filing date of the notice of appeal).